{¶ 17} I concur in the majority's disposition of appellant's sole assignment of error. While I agree with appellant no "new" stipulation was ever reached, the absence of a "new" stipulation does not serve to automatically revive the first stipulation.
 {¶ 18} Appellant rejected the option to proceed to trial as if no stipulation ever existed; i.e., litigating both liability and damages without any damage amount agreement. Instead appellant elected to proceed under the trial court's "new" unilaterally proposed damage agreement. Having so elected, I believe appellant cannot now challenge the withdrawal of the first stipulation on the basis of the failure of a condition subsequent. The fact appellee did not agree to the trial court's "new" proposed damage agreement does not bear upon appellant's election of how to proceed.
 {¶ 19} I agree with the majority the trial court did not abuse its discretion in allowing the withdrawal of the original stipulation under the facts of this case. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs to appellants. *Page 1